Gabrielli, J.
(concurring). I agree with the analysis of the taking issue expressed in the dissenting opinion insofar as it concludes that the State-authorized appropriation of a landlord’s property for the benefit of cable television companies is a taking requiring compensation, but I nevertheless concur in the result reached by the majority since I believe that the current legislative framework provides an adequate system to ensure that just compensation will be afforded for any taking which actually occurs.
Section 828 (subd 1, par b) of the Executive Law provides that a landlord may not accept payment from any cable television company in exchange for permitting cable television service on or within his property in excess of any amount which the State Commission on Cable Television shall, by regulation, determine to be reasonable. The regulations of the Commission then provide that a landlord shall be entitled to the payment of a reasonable fee, pursuant to this section, upon Commission approval of an application for such a fee (9 NYCRR 598.2). While the Commission has decided, as a matter of policy, that the compensation due to a landlord who complains of the mere placement of a cable across his rooftop, without more, shall be limited to the nominal sum of $1, it is obvious that a landlord who actually incurs damage to his property or is restricted in the use to which he might put that property will receive compensation commensurate with the greater injury. Thus, if the installation of a cable substantially interferes with the owner’s present or future use of the building, we must presume that the Commission would award reasonable compensation for the taking pursuant to its regulations.
Accordingly, I would affirm the order of the Appellate Division, but I would do so upon the ground that legislation has supplied a mechanism for providing just compensation for any taking which actually occurs.